The Honorable Gary M. Arnold Prosecuting Attorney P.O. Box 1890 Benton, AR 72015
Dear Mr. Arnold:
This is in response to your request for an opinion on the following question:
 Are the tape recorded phone calls into 922 Combined Communications, which must be kept for a period of 31 days, subject to disclosure under the F.O.I.?
If the 911 communications center is wholly or partially supported by public funds or expending public funds, as authorized by A.C.A.12-10-322, it is my opinion that the answer to this question is, generally, "yes". Except as otherwise specifically provided, all public records are open to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. 25-19-105 (Supp. 1989). The calls recorded by a 911 public safety communication center that is publicly supported would, it seems, constitute "public records" for purposes of A.C.A. 25-19-103, which defines such records under the FOIA as follows:
 `Public records' means writing, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack or performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds.
A.C.A. 25-19-103(1).
Consideration should, however, be given to the so-called "law enforcement" exemption under the FOIA. Subsection (b)(6) of25-19-105 (Supp. 1989) provides that "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity" are not subject to inspection by the public. This exemption may come into play in connection with recorded 911 calls. This would, however, require a case-by-case evaluation of the particular call(s) to determine whether they are part of such "undisclosed investigations". See also generally, Martin v. Musteen et al., No. 90-126, slip op. (Ark. Sup. Ct. Nov. 19, 1990).
Finally, we assume that your question does not pertain to the telephone numbers and street addresses which are forwarded by each "service provider" to any public serve answering point, in accordance with A.C.A. 12-10-317(a)(1). The language of subsection (a)(2) of12-10-317 may, although it is not absolutely clear, generate an exception to the FOIA wherein it prohibits the use of this "[s]ubscriber information" for any purpose other than ". . . responding to requests for emergency services from public or private safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes." A.C.A. 12-10-317(a)(2).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 12-10-322 states: "In order to provide additional funding for the 911 public safety communications center, the political subdivision may receive and appropriate any federal, state, county, or municipal funds, as well as funds from private sources, and may expend such funds for the purposes of this subchapter.
[2] A "service supplier" is defined under A.C.A. 12-10-303(3) as "any person, company, or corporation, public or private, providing exchange telephone service throughout the political subdivision.